UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHANG ZHONG CHEN, on behalf of himself and others
similarly situated,                                                          Civil Action No. 15-cv-7398

                                    Plaintiff,

                    -against-

KYOTO SUSHI, INC. d/b/a Kyoto Sushi; ASQUARED
GROUP, INC. d/b/a Kyoto Sushi; and ANDY LEE,

                                    Defendant.
-------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
TO COMPEL ARBITRATION AND TO DISMISS THE COMPLAINT**


**SEDGWICK LLP**
*Attorneys for Defendants KYOTO SUSHI, INC.
d/b/a Kyoto Sushi; ASQUARED GROUP, INC.
d/b/a Kyoto Sushi; and ANDY LEE*

225 Liberty Street, 28th Floor
New York, NY 10281-1008
Telephone: 212.422.0202
Facsimile:  877.543.9170
Email:      michael.yim@sedgwicklaw.com
            danya.ahmed@sedgwicklaw.com

83757285v1

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS ........................................................................................1

      A.     Background.................................................................................1

      B.     The Arbitration Agreement.....................................................1

      C.     Procedural History ...................................................................3

ARGUMENT .............................................................................................3

      POINT I:

            PLAINTIFFS ARE BOUND TO ARBITRATE THEIR CLAIMS .......................3

      A.     The Parties Agreed to Arbitrate .................................................5

      B.     Plaintiffs' Claims Fall Within the Scope of the Arbitration Agreement ................5

      C.     FLSA and NYLL Claims are Arbitrable.................................................6

      POINT II:

            PLAINTIFFS MUST PROCEED TO ARBITRATION INDIVIDUALLY ...........7

      POINT III:

            PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED ..................................7

CONCLUSION.............................................................................................8

83757285v1

# TABLE OF AUTHORITIES

Page(s)

## Cases

*AT & T Mobility v. Concepcion*,
563 U.S. 333 (2011)................................................................................................ 4, 7

*Bensadown v. Jobe-Riat*,
316 F.3d 171 (2d Cir. 2003) ................................................................................... 4

*Genesco, Inc. v. T. Kakiuchi & Co.,Ltd.*,
815 F.2d 840 (2d Cir. 1987) ................................................................................... 5

*Green Tree Fin. Corp.-Ala. v. Randolph*,
531 U.S. 79 (2000) ................................................................................................. 6

*Hodges v. All Transit LLC*,
2014 WL 537748 (E.D.N.Y. Feb. 7, 2014) ........................................................... 6, 8

*JLM Indus., Inc. v. Stolt–Nielsen SA*,
387 F.3d 163 (2d Cir. 2004) ................................................................................... 5

*Manigault v. Macy's E., LLC*,
318 F. App'x 6 (2d Cir. 2009) ............................................................................... 5

*McAllister v. Conn. Renaissance Inc.*,
496 F. App'x 104 (2d Cir. 2012) ........................................................................... 5

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) ................................................................................................... 4, 6

*Patterson v. Raymours Furniture Co., Inc.*,
96 F. Supp. 3d 71 (S.D.N.Y. 2015),
*aff'd.* 2016 WL 4598542 (2d Cir. 2016) ................................................................ 4

*Preston v. Ferrer*,
552 U.S. 346 (2008)................................................................................................ 4

*Stern v. Espeed, Inc.*,
2006 WL 2741635 (S.D.N.Y. Sept. 22, 2006)....................................................... 8

*Sunbelt Beverage Corp. v. Goldring*,
205 F.3d 1323 (2d Cir. 2000) ................................................................................ 6

83757285v1

*Sutherland v. Ernst & Young LLP*,
   726 F.3d 290 (2d Cir. 2013) ............................................................................ 6, 7

*Torres v. United Healthcare Servs., Inc.*,
   920 F. Supp. 2d 368 (E.D.N.Y. 2013) ............................................................ 6, 7, 8

*Zeltser v. Merrill Lynch & Co.*,
   2013 WL 4857687 (S.D.N.Y. Sept. 11, 2013) ...................................................... 4

**Statutes**

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* .............................................................. 4

Federal Arbitration Act, 9 U.S.C. § 2 ........................................................................ 4

## PRELIMINARY STATEMENT

Defendants Kyoto Sushi, Inc. d/b/a Kyoto Sushi; Asquared Group, Inc. d/b/a Kyoto Sushi; and Andy Lee (collectively, "Defendants" or "Kyoto Sushi"), respectfully submit this memorandum in support of their motion to compel arbitration and to dismiss this action against Plaintiffs Shang Zhong Chen, Shu Jun Ma, and Shi Hang Wu, and others similarly situated (collectively, "Plaintiffs").

Plaintiffs are parties to an arbitration agreement that expressly requires them to submit Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims to arbitration and to proceed on an individual basis.  Because courts in this Circuit routinely hold that employees are bound to arbitrate FLSA and NYLL claims where they have so agreed, this Court should grant Defendants' motion to compel arbitration and dismiss this action accordingly.

## STATEMENT OF FACTS

**A.**      **Background**

Defendants have operated a Japanese sushi restaurant located in Queens, New York. Declaration of Andy Lee ("Lee Decl.").  Plaintiff Shang Zhong Chen, opt-in Plaintiff Shu Jun Ma, and opt-in Plaintiff Shi Hang Wu were hired as chefs in the kitchen of Defendants' restaurant, Kyoto Sushi.  Lee Decl. ¶¶ 2-4.  Plaintiffs no longer work at Kyoto Sushi.  *Id*.  Plaintiffs receive their paychecks on Fridays.  Lee Decl. ¶ 6. Over the years, Defendants have distributed various policies to Plaintiffs, such as employee handbooks, which they have signed.  Lee Decl. ¶ 5.

**B.**      **The Arbitration Agreement**

In or about August 2015, Defendants circulated an arbitration agreement (the "Arbitration Agreement") to its employees.  Lee Decl. ¶ 7.  The Arbitration Agreement required employees to arbitrate "covered claims" with Defendants.  "Covered claims"

> include, but are not limited to, all claims that may arise as a result of the services Employee provides at Employer, including but not limited to all claims alleging discrimination, harassment, retaliation, and/or related to Employee's compensation for the services Employee performs at Employer, and specifically including any claim or cause of action alleging Employee is an employee of Employer and/or was improperly or insufficiently paid wages under the Fair Labor Standards Act ("FLSA") or any state or local wage and hour law, regardless of whether the covered claims arose or accrued prior or subsequent to Employee entering into this Agreement.

Lee Decl. Ex. A, at ¶ 4.  The Arbitration Agreement further provides that all covered claims must be brought in one arbitration proceeding.  *Id.*

Likewise, the Arbitration Agreement prohibits the arbitrator from either consolidating different employees' claims or hearing an arbitration as a class or collective action:

> The parties to this Agreement agree that the arbitrator has no authority to and shall not consolidate claims of different Employees and/or employees into one proceeding, nor shall the arbitrator have the power to hear an arbitration as a class or collective action (a class or collective action involves an arbitration or lawsuit where representative members of a group who claim to share a common interest seek class or collective relief), and the parties to this Agreement shall not be allowed to submit covered claims to arbitration as a representative of or participant to a class or collective action or a claim seeking class or collective relief. If this class or collective action waiver is deemed to be unenforceable, then Employer and Employee agree that this Agreement is otherwise silent as to any party's ability to bring a class or collective action in arbitration.

Lee Decl. Ex. A, at ¶ 6.

The parties in the Arbitration Agreement expressly waived the right to file a lawsuit regarding covered claims:

> The parties to this Agreement agree that they cannot file a civil lawsuit in court against the other party relating to the covered claims. If a party files a lawsuit in court to resolve covered claims subject to arbitration, both agree that the court shall dismiss the lawsuit and require the claim to be resolved through arbitration as required by this Agreement.

Lee Decl. Ex. A, at ¶ 9.  The parties agreed that any arbitrable claims would be heard by the American Arbitration Association ("AAA"), and governed by the AAA Rules for Dispute Resolution.  Lee Decl. Ex. A, at ¶ 7.

The Arbitration Agreement also contains a provision stating that the employee "acknowledges that she/he is free to consult an attorney regarding this Agreement prior to signing the Agreement." Lee Aff. Ex. A, at ¶ 16.

Each Plaintiff signed the Arbitration Agreement on or about Saturday, August 1, 2015. Lee Decl. ¶ 8; Ex. A.

In May 2016, counsel for Defendants advised Plaintiffs' counsel of the existence of the Arbitration Agreement.

## C. <u>Procedural History</u>

On December 15, 2015, Plaintiffs commenced this action by filing the Complaint, alleging that Defendants failed to pay Plaintiffs proper wages in violation of the FLSA and the New York Labor Law ("NYLL"). Plaintiffs initially filed their action in Central Islip. Defendants were served with the Complaint and Summons on March 30, 2016. On April 3, 2016, Plaintiffs Shu Jun Ma and Shi Hang Wu filed consent forms to become party plaintiffs. On June 2, 2016, Defendants answered Plaintiffs' Complaint, asserting, among others, as an affirmative defense that "Plaintiff is contractually bound to arbitrate the claims in the Complaint pursuant to the Federal Arbitration Act." Answer, at 12. On August 10, 2016, Defendants moved to have the case reassigned to Brooklyn. On August 11, 2016, the case was so reassigned.

## <u>ARGUMENT</u>

## <u>POINT I</u>

## <u>PLAINTIFFS ARE BOUND TO ARBITRATE THEIR CLAIMS</u>

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (the "FAA") "establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S.

1, 24 (1983) (explaining that the FAA manifests a "liberal federal policy favoring arbitration"). Section 2 of the FAA states that agreements to arbitrate "shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Through the FAA, Congress intended "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone*, 460 U.S. at 22; *see AT & T Mobility v. Concepcion*, 563 U.S. 333, 344 (2011) (FAA requires "the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings.").

To determine whether a motion to compel arbitration should be granted, the Court "applies a standard similar to that applicable for a motion for summary judgment." *Patterson v. Raymours Furniture Co., Inc.*, 96 F. Supp. 3d 71, 75 (S.D.N.Y. 2015), *aff'd.* 2016 WL 4598542 (2d Cir. 2016) (quoting *Bensadown v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)).  "A motion to compel arbitration may be granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Zeltser v. Merrill Lynch & Co.*, 2013 WL 4857687, at *2 (S.D.N.Y. Sept. 11, 2013) (citations omitted).  In so deciding, the court must consider: "(1) whether the parties agreed to arbitrate; (2) the scope of the arbitration agreement; (3) whether, if federal statutory claims are asserted, Congress intended those claims to be nonarbitrable; and (4) whether, if some but not all of the claims in the case are arbitrable, the case should be stayed pending arbitration." *See, e.g.*, *JLM Indus., Inc. v. Stolt–Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004); *McAllister v. Conn. Renaissance Inc.*, 496 F. App'x 104, 106 (2d Cir. 2012).

Here, Defendants satisfy the first three considerations as set forth more fully below.  As such, Defendants' motion to compel arbitration and to dismiss this action should be granted.

### A.    The Parties Agreed to Arbitrate

First, principles of contract formation weigh in favor of a finding that Plaintiffs agreed to arbitrate.

It is axiomatic that a party is bound by the provisions of a contract that he signs. *See, e.g.*, *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 845-46 (2d Cir. 1987). Further, an employee may consent to a change in terms and conditions of employment—such as a new agreement to arbitrate—by continuing to work after receiving notice of such change. *Manigault v. Macy's E., LLC*, 318 F. App'x 6, at 8 (2d Cir. 2009) (continued employment alone sufficient to manifest assent to arbitration); *Patterson*, 96 F. Supp. 3d, at 77.

Here, on August 1, 2015, Plaintiffs each signed the Arbitration Agreement provided by Defendants, agreeing to take all covered claims to arbitration. Lee Decl. ¶ 8; Ex. A, at ¶ 9. The Second Circuit placed the burden squarely on Plaintiffs to review the Arbitration Agreement. Indeed, the Arbitration Agreement specifically included an item stating that Plaintiffs acknowledged that they had the right to consult an attorney prior to signing. Lee Decl. Ex. A, at ¶ 16. Whether they did so ultimately is immaterial, because the only relevant facts here are that (1) Plaintiffs signed the Arbitration Agreement, and (2) Plaintiffs continued to work at the restaurant after signing. Lee Decl. ¶¶ 2-4, 8. Plaintiffs thus clearly assented to the terms of the Arbitration Agreement, and agreed to arbitrate covered claims.

### B.    Plaintiffs' Claims Fall Within the Scope of the Arbitration Agreement

Second, Plaintiffs' FLSA and NYLL claims clearly fall within the scope of the Arbitration Agreement.

The Second Circuit has made clear that courts should construe arbitration clauses broadly, and resolve "any doubts concerning the scope of arbitrable issues . . . in favor of arbitration[.]" *Moses H. Cone*, 460 U.S. at 24-25; *Sunbelt Beverage Corp. v. Goldring*, 205 F.3d 1323 (2d Cir.

2000).   A "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration."  *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000).

Here, Plaintiffs would be unable to carry such a burden.  Plaintiffs' Complaint seeks payment of unpaid overtime and spread-of-hours pay under the FLSA and NYLL.   The Arbitration Agreement specifically includes in its definition of "covered claims" "any claim or cause of action alleging Employee . . . and/or was improperly or insufficiently paid wages under the [FLSA] or any state or local wage and hour law[.]"  Lee Decl. Ex. A, at ¶ 4.  Because Plaintiffs' claims fall squarely within the scope of the Arbitration Agreement's covered claims, Plaintiffs are bound to arbitrate.

**C.**      **FLSA and NYLL Claims are Arbitrable**

Finally, Plaintiffs must submit to arbitration because the legislature intended that FLSA and NYLL claims be arbitrable.

It is well settled that FLSA and NYLL claims are arbitrable pursuant to the FAA.  *See Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 292 (2d Cir. 2013); *see also Hodges v. All Transit LLC*, 2014 WL 537748, at *1 (E.D.N.Y. Feb. 7, 2014) (citations omitted) (compelling arbitration of FLSA and NYLL claims because the agreement refers to "all" disputes "relating to wages [and] hours.").  The courts in this Circuit have repeatedly found that Congress intended FLSA claims to be arbitrable.  *See, e.g.*, *Sutherland*, 726 F.3d at 295; *Patterson,* 96 F. Supp. 3d at 77; *Torres v. United Healthcare Servs., Inc.*, 920 F. Supp. 2d 368 (E.D.N.Y. 2013).  Likewise, because Plaintiffs' FLSA claims are arbitrable, so too are their NYLL claims.  *See Sutherland*, 726 F.3d at 292 n.1 (citing *Concepcion*, 563 U.S. at 351).

Therefore, because the parties agreed to arbitrate, the Arbitration Agreement covers Plaintiffs' FLSA and NYLL claims, and such claims are arbitrable, there can be no question that arbitration should be compelled.[1]

## POINT II

## PLAINTIFFS MUST PROCEED TO ARBITRATION INDIVIDUALLY

Defendants also are entitled to a ruling ordering Plaintiffs to submit their claims to arbitration individually, because the Arbitration Agreement requires it.

The Second Circuit has upheld class action waivers in the FLSA context multiple times. *See Sutherland*, 726 F.3d at 296 ("FLSA does not preclude waiver of collective action claims."); *Patterson*, 2016 WL 4598542, at *1 (upholding district court's finding that class action waiver in arbitration agreement was enforceable); *Torres*, 920 F. Supp. 2d at 376 (court ordered arbitration on individual basis where "neither the plain language of the FLSA nor its relevant legislative history evidences a congressional intent to preclude employees from waiving their right to bring their FLSA claims as part of a collective action[]").

Here, the Arbitration Agreement states that "the parties to this Agreement shall not be allowed to submit covered claims to arbitration as a representative of or participant to a class or collective action or a claim seeking class or collective relief." Lee Decl. Ex. A, at ¶ 6. Thus, the plain meaning of this language, coupled with the well-settled law in this Circuit, requires each Plaintiff to proceed to arbitration on an individual basis.

## POINT III

## PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED

---

[1] The fourth consideration is inapplicable because Plaintiffs' Complaint contains no claims outside the scope of the arbitration agreement. *See, e.g.*, *Patterson*, 96 F. Supp. 3d at 78 n.3.

Finally, Plaintiffs' Complaint should be dismissed without prejudice to Plaintiffs' individual ability to pursue their claims in arbitration.

Courts routinely dismiss claims subject to arbitration.  *See, e.g.*, *Torres*, 920 F. Supp. 2d at 379 (granting motion to compel, dismissing complaint, and ordering arbitration); *Hodges*, 2014 WL 537748, at *2; *Stern v. Espeed, Inc.,* 2006 WL 2741635, at *5 (S.D.N.Y. Sept. 22, 2006).  Here, the Arbitration Agreement clearly states that "[i]f a party files a lawsuit in court to resolve covered claims subject to arbitration, both agree that the court shall dismiss the lawsuit and require the claim to be resolved through arbitration as required by this Agreement."  Lee Decl. Ex. A ¶ 9.  As discussed *supra*, Parts I-II, all of Plaintiffs' claims are arbitrable on an individual basis.  Therefore, Defendants' motion to compel arbitration should be granted, and Plaintiffs' Complaint dismissed.

## <u>CONCLUSION</u>

Plaintiffs are parties to an arbitration agreement that they signed and remained bound to by continuing their employment with Defendants, and through which they agreed to individually submit FLSA and NYLL claims to arbitration.  Plaintiffs cannot now wriggle out of the very obligations to which they assented by proceeding through the courts instead of the proper arbitral forum.  The deference to arbitration, Congress's intent to permit arbitration of these type of claims, and this Circuit's clear law all require Plaintiffs to arbitrate.

For all the foregoing reasons, Defendants respectfully request that this Court grant their motion to compel Plaintiffs to arbitrate their claims on an individual basis, and dismiss the Complaint.

Dated:   New York, New York          Respectfully submitted,
         September 15, 2016

                                     **SEDGWICK LLP**

                                       /s/
                                     _____
                                     **Michael Yim**
                                     **Danya Ahmed**
                                     225 Liberty Street, 28th Floor
                                     New York, NY 10281-1008
                                     Telephone: 212.422.0202
                                     Facsimile:  877.543.9170
                                     Email:      michael.yim@sedgwicklaw.com
                                                 danya.ahmed@sedgwicklaw.com

                                     *Attorneys for Defendants KYOTO SUSHI, INC.;*
                                     *ASQUARED GROUP, INC.; and ANDY LEE*