**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SHI HANG WU,
SHU JUN MA, AND
SHANG ZHONG CHEN

                                         Plaintiffs,

   v.

KYOTO SUSHI, INC.
     D/B/A KYOTO SUSHI
     D/B/A MIRA SUSHI
     A/K/A MIRA SUSHI & IZAKAYA;
KYOTO DINING GROUP, INC.
     d/b/a KYOTO SUSHI
KYOTO RESTAURANT
     d/b/a Kyoto Sushi, Stellar 153
ANDY LEE,
SAU LAI CHAN,
EDDIE CHOI, and
NANCY SHUNKUEN NG,

                                        Defendants.

Civil Action No.
15-cv-07398


**MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**


**PUTNEY, TWOMBLY, HALL & HIRSON LLP**
521 Fifth Avenue
New York, New York 10175
(212) 682-0020

1

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 5

ARGUMENT ......................................................................................................... 6

A.      The Court does not have Jurisdiction to Issue an Award of Attorneys' Fees ............... 6

B.      The Attorneys' Fees Requested are Not Reasonable .................................................... 9

   i.   The  Hourly Rate Requested by Plaintiffs is Unreasonable........................... .10

      1. The Hourly Rate is Unreasonable for this District................................. 12

      2. The Hourly Rate Requested is Unreasonable Due to the Simplicity of this
      Matter and Lack of Success Achieved…………………………………………....14

      3.  Plaintiffs' Subpar Legal Work Exhibited Throughout the Entirety of the
      Arbitration does not Warrant the Requested Hourly Rates……………………. 15

   ii.  Reduction in the Total Hours Billed is Warranted………………………………17

   CONCLUSION............................................................................................................ 18

# **TABLE OF AUTHORITIES**

**Page(s)**

## Federal Cases

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*,
    *522 F.3d 182 (2d Cir. 2008)* ...........................................................................10, 11

*A.R. ex rel. R.V. v. New York City Dep't. of Educ.,*
    407 F.3d 65 (2d Cir. 2005)...................................................................................17

*Blum v. Stenson,*
    465 U.S. 886, 104 S.Ct. 1541 ..............................................................................10

*Cantor Fitzgerald & Co. v. Pritchard*
    107 A.D.3d 476 (2013)……………………………………………………………… 6-7

*Chambless v. Masters, Mates & Pilots Pension Plan*,
    885 F.2d 1053 (2d Cir.1989)................................................................................11

*DiRussa v. Dean Witter Reynolds Inc.*
    121 F.3d 818 (2d Cir. 1997) ...................................................................................7

*Feltzin v. Union Mall LLC*,
    393 F. Supp. 3d 204 (E.D.N.Y. 2019) .......................................................... 11, 13-14

*Fenton v. Criterion Worldwide,*
    No. 18 CIV. 10224 (ER), 2020 WL 1489795 (S.D.N.Y. Mar. 27, 2020)…………………………7

*Greene v. City of New York*,
    No. 12 CIV. 6427 SAS, 2013 WL 5797121 (S.D.N.Y. Oct. 25, 2013)...................................12

*Guangqing Lin v. Teng Fei Rest. Grp. Inc.*,
    No. 17CV1774 (DF), 2020 WL 264407 (S.D.N.Y. Jan. 17, 2020),
    *reconsideration denied,* No. 17CV1774 (DF), 2020 WL 429128 (S.D.N.Y.
    Jan. 27, 2020)...................................................................................................16

*Guangqing Lin v. Teng Fei Rest. Grp. Inc.*,
    No. 17CV1774 (DF), 2020 WL 564231 (S.D.N.Y. Feb. 5, 2020)..........................................16

*Hensley v. Eckerhart*,
    461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)......................................................17

*Hugee v. Kimso Apartments, LLC*,
    852 F. Supp. 2d 281 (E.D.N.Y. 2012) ..................................................................10

*Jemine v. Dennis*,
    901 F. Supp. 2d 365 (E.D.N.Y. 2012) ............................................................. 10-11

*Jianjun Chen v. 2425 Broadway Chao Rest., LLC,*
     331 F.R.D. 575 (S.D.N.Y. 2019)…………………………………………………. …….16

*John v. DeMaio,*
     No. 15-CV-6094, 2016 WL 7469862 (E.D.N.Y. Sept. 29, 2016) ...........................11

*La Barbera v. Les Sub–Surface Plumbing, Inc.,*
     2006 WL 3628024 (E.D.N.Y.2006)..........................................................................11

*Luciano v. Olsten Corp.,*
     109 F.3d 111 (2d Cir.1997)......................................................................................10

*Manzo v. Sovereign Motor Cars, Ltd.,*
     No. 08 Civ. 1229, 2010 WL 1930237 (E.D.N.Y. May 11, 2010) ...........................17

*Murray ex rel. Murray v. Mills,*
     354 F.Supp.2d 231 (E.D.N.Y.2005) ........................................................................11

*Palmer v. Cty. of Nassau,*
     977 F. Supp. 2d 161 (E.D.N.Y. 2013) .....................................................................17

*Pilitz v. Inc. Village of Freeport,*
     No. 07–CV–4078 (ETB), 2011 WL 5825138 (E.D.N.Y. Nov. 17, 2011)………………….. 10

*Ross v. Royal Pizza Cafe Corp.,*
     No. 17-CV-6294, 2018 WL 6313208 (E.D.N.Y. Aug. 1, 2018) ....................... 11-12

*Savino v. Computer Credit, Inc.,*
     164 F.3d 81 (2d Cir.1998)........................................................................................10

*Zhang v. Chongqing Liuyishou Gourmet NJ Inc.,*
     2:18-cv-10359-CCC-SCM (D.N.J. Nov. 26, 2019)..................................................12

**Federal Statutes**

9 U.S.C.A. § 11 .................................................................................................................6

29 U.S.C. § 216(b) ..........................................................................................................10

Age Discrimination in Employment Act ..........................................................................7

Fair Labor Standards Act .............................................................................................5, 8

**State Statutes**

N.Y. C.L.S. Labor § 198(1-a)………………………………………………………….10

N.Y. C.L.S. Labor § 633(1)New York Labor Law.........................................................10

## PRELIMINARY STATEMENT

On April 23, 2020, Arbitrator Krauss issued a Final Award in the arbitration filed by Plaintiffs Shi Hang Wu, Shu Jun Ma, and Shang Zhong Chen (collectively "Plaintiffs") against Defendants Kyoto Sushi, Inc, Kyoto Dining Group, Inc., Kyoto Restaurant, and Andy Lee (collectively "Defendants") for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). The Final Award did not contain any award for attorneys' fees on the basis that Plaintiffs never requested such fees in their arbitration demands or throughout the arbitration. Plaintiffs' first request for attorneys' fees was after the Final Award was issued. Accordingly, on July 14, 2020, Arbitrator Krauss issued a Post-Award Order concluding that she does not have jurisdiction to award attorneys' fees. As a result, Plaintiffs filed this instant motion seeking attorneys' fees.

Defendants respectfully request that the Court deny Plaintiffs' motion since there is no jurisdiction to issue an award for such fees since attorneys' fees were never requested until after a Final Award was issued and modification of the award would be improper pursuant to the Federal Arbitration Act. Even if the Court had jurisdiction to award attorneys' fees, which it does not, Plaintiffs' request for attorneys' fees is also unreasonable. Specifically, the hourly rate for Plaintiffs' attorneys is unjustifiably higher than the hourly rate awarded for similar cases in the Eastern District of New York, and Plaintiffs' request includes numerous hours for matters unrelated to the arbitration. Accordingly, the Court should deny Plaintiffs' motion for attorneys' fees and costs.

## STATEMENT OF FACTS

Defendants refer the Court to the Affidavit of Michael D. Yim annexed hereto and incorporated herein.

## ARGUMENT

### A. The Court does not have Jurisdiction to Issue an Award of Attorneys' Fees

The Federal Arbitration Act ("FAA") provides the circumstances in which an arbitration award can be modified. Specifically, a district court can modify or correct an arbitration award in the following circumstances:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C.A. § 11. Plaintiffs' request that the award be modified to include attorneys' fees and costs; however, the FAA does not allow for the modification of an arbitration award simply because the parties failed to request certain damages. In this case, there is no miscalculation of figures, the arbitrator including in the award a matter not submitted before her, or an imperfect award; the only circumstances permitting a district court to modify the award. Here, the Final Award does not include attorneys' fees; therefore, there can be no miscalculation of figures. Rather, Plaintiffs are attempting to circumvent the FAA by asking this Court to provide additional relief not addressed in the arbitration or provided in the Final Award.

It is also well-established under federal and state law that a plaintiff must request attorneys' fees and provide the legal basis for such fees during an arbitration action. For instance, in *Cantor Fitzgerald & Co. v. Pritchard*, the court only granted a request for attorneys' fees because the

6

respondent requested such fees, specifically respondent's statement of claim included a request for attorneys' fees and the petitioner also requested attorneys' fees in its answer, amended answer, pre-hearing brief and opening statement. 107 A.D.3d 476, 477 (2013). However, in *DiRussa v. Dean Witter Reynolds Inc*., the court upheld the arbitrators' denial of attorneys' fees in the final award because the plaintiff failed to inform the arbitrators of the relevant legal standard for the requested attorneys' fees. 121 F.3d 818, 822–23 (2d Cir. 1997).  Specifically, the court acknowledged that although the plaintiff made the arbitrators aware that he was seeking attorneys' fees in his opening statement and in his statement of claims, the plaintiff failed to communicate, either by written submission or orally, to the arbitrators that the Age Discrimination in Employment Act ("ADEA") mandated such an award to a prevailing party. *Id.* The court further stated that the Plaintiff should have explicitly stated that the ADEA requires an award of attorney's fees or quote the language of the relevant ADEA section, which clearly communicates that principle. *Id.*

Attorneys' fees have also been denied by courts in motions where the request is not supported by any legal authority.  For example, in *Fenton v. Criterion Worldwide*, the court denied the request for attorneys' fees and costs incurred in bringing a motion to compel arbitration because there was no briefing in support of the request in the motion.  No. 18 CIV. 10224 (ER), 2020 WL 1489795, at *1 (S.D.N.Y. Mar. 27, 2020).

Additionally, the rules implemented by the American Arbitration Association for employment disputes, the tribunal in which this action was decided by, provide that the amount in controversy and the remedy sought should be in the initial demand. *See* 4(b)(i)(1). The rules also provide that the allocation of attorney's fees and costs can be addressed in the arbitration management conference. *See* 8(xii). Once an award is issued, it is final and binding and can include an award of attorneys' fees and costs, in accordance with applicable law. *See* 39(d).

Further, the Arbitration Agreement signed by each Plaintiff provides that "the parties to this Agreement agree that all "covered claims" that Employee may have against Employer (or its owners, directors, officers, managers, employees, or agents) or that Employer may have against Employee shall be submitted exclusively to and determined exclusively by binding arbitration in New York. (*See* Exhibit A of Affidavit of Michael D. Yim ¶ 5 ). The Arbitration Agreement further provides that "the parties to this Agreement agree that they are required to bring all covered claims in one arbitration proceeding. Any covered claims not brought as one arbitration proceeding shall be waived and precluded." *Id.*

In the instant action, Plaintiffs did not request attorneys' fees at any point in the arbitration as evidenced by the arbitration demands, hearing transcripts, and post-hearing submissions, which are completely devoid of any request for attorneys' fees. (Yim Aff. ¶ ¶ 8, 14). Although Plaintiffs outlined the damages sought and the supporting legal authority for such damages in their post-hearing brief, including liquidated damages and prejudgment interest, Plaintiffs failed to include any request or support for attorneys' fees in their submission under the Fair Labor Standards Act and the New York Labor Law.  *Id.* As discussed in the cited cases, Plaintiffs need to provide why they are entitled to attorneys' fees under a specific statute during the arbitration proceeding in addition to requesting attorneys' fees pursuant to the statute. Simply citing to a statute that provides for attorneys' fees does not equate to a request for attorneys' fees or legal support for such fees. The arbitration agreement also provides a contractual obligation to bring all disputes and claims, which includes claims for attorneys' fees, in one arbitration action or the claims are precluded.

Moreover, Plaintiffs' first request for attorneys' fees occurred after the April 23, 2020 Final Award was issued. (Yim Aff. ¶ ¶ 14, 16). Specifically, John Troy, Plaintiffs' attorney, sent an April 26, 2020 email requesting Arbitrator Krauss issue a briefing schedule regarding attorneys'

fees if the parties could not come to an agreement between themselves. (Yim Aff. ¶ 14 ). However, Plaintiffs' counsel did not engage in any discussions with our office regarding attorneys' fees and subsequently filed a brief seeking attorneys' fees without any permission. (Yim Aff. ¶15). Accordingly, the arbitrator issued a May 27, 2020 Post-Award questioning whether she had jurisdiction given that Plaintiffs did not indicate a request for attorneys' fees, in their post-hearing briefs, they did not include a request for attorneys' fees in setting forth the relief they were seeking, or submit any documentation in support of such an award. (Yim Aff. ¶16). As a result, the arbitrator requested the parties provide briefs on the jurisdiction issue and subsequently issued a Post-Award Order concluding that the arbitrator does not have jurisdiction to award attorneys' fees. (Yim Aff. ¶17 ).Plaintiffs have not provided a single reason in their motion that the Court has jurisdiction to issue attorneys' fees other than simply stating that the FLSA and NYLL permit the recovery of attorneys' fees, nor have Plaintiffs provided any reason for their failure to request attorneys' fees during the arbitration. Accordingly, Defendants respectfully request that Plaintiffs' motion for attorneys' fees be denied on the basis the Court does not have jurisdiction to issue such an award.

## B. The Attorneys' Fees Requested are Not Reasonable

Although the Court does not have jurisdiction to award fees, even if the Court had such authority, the attorneys' fees requested are unreasonable. First, Plaintiffs seek attorneys' fees for billable hours their attorneys spent working on the federal court action and a National Labor Relations Boards ("NLRB") matter. Particularly, almost half of the entries in the Invoice annexed to John Troy's Declaration are for these two matters. Likewise, Plaintiffs include this Court's filing fee and appeal filing fee in the costs section. Moreover, the federal court action was administratively closed pending the resolution of arbitration; therefore, Plaintiffs could not prevail

in the action and be eligible for the award of attorneys' fees. (Yim Aff.  ¶ 6 ); 29 U.S.C. § 216(b); N.Y. C.L.S. Labor § 198(1-a), N.Y. C.L.S. Labor § 633(1). Likewise, the NLRB matter was unrelated to the arbitration. These fees and costs are outside the arbitration proceeding and subsequent award; therefore, the hours spent on these matters cannot be included in the calculation of attorneys' fees.

### i. The Hourly Rate Requested by Plaintiffs is Unreasonable

The hourly rate sought by Plaintiffs' attorneys is also unreasonable. The United States Supreme Court has directed that district courts should use the "prevailing [hourly rate] in the community" in calculating what the Second Circuit now refers to as the presumptively reasonable fee. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)* (citing *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). The Second Circuit has explained that the "community" to which the district courts should look is the community in which the district court sits. *Id.*; *see also Savino v. Computer Credit, Inc.,* 164 F.3d 81, 87 (2d Cir.1998) (finding that district court did not abuse its discretion by reducing fees so that they were line with other fees awarded in the Eastern District of New York); *Luciano v. Olsten Corp.,* 109 F.3d 111, 115–116 (2d Cir.1997) (holding that district court, in setting fees, appropriately relied upon prevailing market rates in the Eastern District of New York where the case was commenced and litigated). Recent Eastern District of New York cases have determined that reasonable hourly rates for the district "are approximately $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates." *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 298–99 (E.D.N.Y. 2012) citing *Pilitz v. Inc. Village of Freeport*, No. 07–CV–4078 (ETB), 2011 WL 5825138, at *4 (E.D.N.Y. Nov. 17, 2011). *Jemine v. Dennis*, 901 F. Supp. 2d 365, 392–93 (E.D.N.Y. 2012)(finding that $250 per hour to be

reasonable compensation for a senior associate practicing employment law for nearly nine years). *La Barbera v. Les Sub–Surface Plumbing, Inc.,* 2006 WL 3628024, at *8 (E.D.N.Y.2006) (awarding $250 per hour in fees for an associate with six years of experience). *Feltzin v. Union Mall LLC,* 393 F. Supp. 3d 204, 212 (E.D.N.Y. 2019)(In recent years, fees have been awarded in the Eastern District of New York at an hourly rate of $300 to $450 for partners, $100 to $325 for associates, and $70 to $100 for paralegals in fee-shifting cases).

Moreover, in determining the reasonable hourly rate, the size of the firm may be considered, as large firms tend to charge higher hourly rates than small firms. 852 F. Supp. 2d 281, 298–99 (E.D.N.Y. 2012);*Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1059 (2d Cir.1989) (noting that "smaller firms may be subject to their own prevailing market rate"); *Murray ex rel. Murray v. Mills,* 354 F.Supp.2d 231, 236 (E.D.N.Y.2005) (noting that hourly rates tend to be higher at large firms to compensate for higher overhead costs).

Additionally, the nature of representation and type of work involved in a case are critical ingredients in determining the reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d 182, 188–90.* For example, this court has provided that a class action suit with a large number of plaintiffs increases the complexity of the litigation. *Jemine v. Dennis*, 901 F. Supp. 2d 365, 392 (E.D.N.Y. 2012). *John v. DeMaio*, No. 15-CV-6094, 2016 WL 7469862, at *7 (E.D.N.Y. Sept. 29, 2016) (recommending a partner rate of $350 per hour in a case involving no motion practice, discovery disputes, or complex legal issues)*Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 213 (E.D.N.Y. 2019)(stating that the case was non-complex due to the fact Plaintiffs' law firms routinely handles similar cases). The success achieved by the attorney in the matter is also considered. *Ross v. Royal Pizza Cafe Corp.*, No. 17-CV-6294, 2018 WL 6313208, at *6 (E.D.N.Y. Aug. 1, 2018) (noting courts must consider the

"overall success achieved in the case" when determining reasonable hourly rates), *report and recommendation adopted*, 2018 WL 6313182 (Dec. 3, 2018). A factor in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff. *Greene v. City of New York*, No. 12 CIV. 6427 SAS, 2013 WL 5797121, at *3 (S.D.N.Y. Oct. 25, 2013). The "degree of success" inquiry is not limited to inquiring whether a plaintiff prevailed on individual claims. *Id.* Both the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in his or her complaint, are key factors in determining the degree of success achieved. *Id.*

### 1. The Hourly Rate is Unreasonable for this District

In this matter, Plaintiffs request that the Court award an hourly rate of $550.00 per hour for John Troy; an hourly rate of $350 for Kibum Byun; and an hourly rate of $350 for Aaron Schweitzer. With regard to non-lawyers, Plaintiffs request an hourly rate of $150 for Maggie Huang, a certified public accountant, and an hourly rate of $200 for Preethi Kilaru, a legal assistant. These rates are significantly above the hourly rates awarded in cases in the Eastern District of New York, the community in which this Court must look to according to the Second Circuit's guidance. Plaintiffs even admit in their memorandum of law that the rates they are seeking are above the rates routinely given in district courts throughout the nation. Moreover, Plaintiffs cite to the hourly rates awarded in Southern District of New York cases for support, including some cases in which Plaintiffs' attorneys were awarded attorneys' fees; however, the Southern District of New York is not the district court Plaintiffs seek relief in. Specifically, Plaintiffs' claim that he was awarded $550 per hour in *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.*, 2:18-cv-10359-CCC-SCM (D.N.J. Nov. 26, 2019), which is a District of New Jersey case not a Southern District case. Moreover, this is the only case in which Plaintiffs claim that Mr. Troy was awarded $550 per hour.

Rather, Plaintiffs cite to several recent cases in the Southern District of New York, which Mr. Troy was awarded $400 per hour, well below the amount Mr. Troy is requesting in this matter, for cases involving similar wage and hour issues. Noticeably absent is any reference to the hourly rate awarded to Mr. Troy in past cases before the Eastern District of New York.

Moreover, Mr. Schweitzer is not a senior associate deserving of an hourly rate of $350 per hour. Plaintiffs state that Mr. Schweitzer was admitted to the New Jersey bar in November 2017 and the New York bar in May 2018; therefore, Mr. Schweitzer was only recently admitted to the New York State bar when these arbitration demands were filed. Even if Mr. Schweitzer had the experience of a senior associate, which he does not, an hourly rate of $350 is still above the rate awarded to senior associates in this district. Similarly, Mr. Byun has only been admitted to practice for a short period of time when these arbitrations were filed. Accordingly, the requested rates do not comport with precedent in this district in light of the relative inexperience of Mr. Schweitzer and Mr. Byun. Again, Plaintiffs only cite to one District of New Jersey case in which Mr. Schweitzer was awarded $350 per hour as support for why he should be awarded the same rate for a case in a different district. Moreover, Plaintiffs cite to numerous recent Southern District of New York cases in which Mr. Byun and Mr. Schweitzer were awarded an hourly rate of $225 and not a single Eastern District of New York case. With regard to Plaintiffs' request that the Court award fees for an accountant and a legal assistant, there is no precedent for the award of such fees.

These rates are also high given the fact that Troy Law, PLLC is a small law firm only consisting of four attorneys and does not have the overhead and expenses of a larger law firm that necessitates a higher hourly rate. Likewise, Plaintiffs' argument that because the minimum wage has increased over time an increase in the reasonable hourly rate for attorneys' fees is also warranted is not supported by any precedent. To the contrary, *Feltzin v. Union Mall LLC*, is a 2019

13

Eastern District Court awarding fees well below the amounts Plaintiffs seek. 393 F. Supp. 3d 204, 213 (E.D.N.Y. 2019).

### 2. The Hourly Rate Requested is Unreasonable Due to the Simplicity of this Matter and Lack of Success Achieved

This action is a straightforward wage and hour lacking any novel legal issues, not a complex collective action with hundreds of class members and novel legal issues. Likewise, Plaintiffs' attorneys have handled numerous similar wage and hour actions, which they concede and cite to in their motion; therefore, this action did not pose any novel legal issues and complex discovery. Plaintiffs' invoices further support the relative simplicity of this case. For instance, Ms. Kilaru, who is not an attorney, spent two hours drafting Plaintiffs' responses to Defendants' discovery requests. If this were a complex matter, an attorney would have had to draft these responses. Moreover, Plaintiffs did not have much success during this matter. Although the federal court action cannot be considered for fees, Plaintiffs' motion to stay was denied, Defendants' motion to compel arbitration was granted, and Plaintiffs' withdrew their appeal. (Yim Aff. ¶¶ 6-7 ). Likewise, despite the arbitrator issuing damages for unpaid wages, the calculations used, and amount of damages were favorable to Defendants. For instance, the arbitrator adopted Defendants' position that the hourly rate should be based on the total number of hours regularly worked and the payment of overtime hours should be one half of the regular rate in the Final Award. *See* page 22 of Exhibit D of Yim Aff  ¶ 12). With regard to breaks, the arbitrator also rejected Plaintiffs' position and adopted Defendants' position that three breaks a day were taken by Plaintiffs. The arbitrator stated that Defendants' "evidence was credible and established further reasons to deny Claimants' break claims" as compensable time and adopted Respondent's calculations for unpaid overtime. See pages 28-29 of Exhibit  D of Yim Aff  ¶ 12).  The Final Award was almost identical to Defendants' calculation of damages in which Defendants conceded some unpaid wages were

14

owed; therefore, it would be a stretch to say Plaintiffs were successful on their claims solely because damages were awarded.

### 3. Plaintiffs' Subpar Legal Work Exhibited Throughout the Entirety of the Arbitration does not Warrant the Requested Hourly Rates

Plaintiffs' attorneys conduct throughout the arbitration and prior federal court action, particularly the submission of false and inconsistent statements and documents, show that Plaintiffs' attorneys do not have the experience and skill set commending a higher hourly rate. Counsels' conduct also shows little preparation and effort were exerted warranting a higher hourly rate and the hours claimed to be billed on this matter. For instance, Plaintiffs' attorneys submitted numerous affidavits in the closed federal court action that contain inconsistent facts with regard to the alleged hours worked and breaks received. Plaintiffs subsequently testified in their depositions and at the arbitration hearing that these documents were never translated to them in their native language and they signed said documents without knowing the contents thereof. (Yim Aff.  ¶ 9 ). The arbitrator further corroborated such conduct in her Final Award, in which she adopted Defendants' damage calculations and arguments. (Yim Aff.  ¶ ). Specifically, the arbitrator stated throughout the Final Award that Plaintiffs' testimony was not credible. (*See* pages 24, 28 of Exhibit D of Yim Aff.  ¶ 12).   For example, the arbitrator provided in the Final Award that Plaintiffs' testimony contradicted their deposition testimony only one week earlier with regard to whether they received a one-hour break. (*See* pages 24 of Exhibit D of Yim Aff. ¶ 12).  The arbitrator also noted that two documents prepared by Plaintiffs' counsel, the Complaint and damages chart, directly contradicted Plaintiffs' testimony. (*See* page 26 of Exhibit D of Yim Aff.  ¶ 12).  Clearly, Plaintiffs' counsel did not prepare Plaintiffs' for their depositions and their hearing as the invoices indicate. Plaintiffs' counsel also had Plaintiffs' sign affidavits submitted to this Court without translating such documents. (Yim Aff. ¶ 9 ).  Plaintiffs' counsel also submitted their post-hearing

briefs several days late with no explanation for the late submission. (Yim Aff. ¶ 11). Clearly, counsels' substandard performance throughout the arbitration has no positive impact on the damages awarded by the arbitrator. Accordingly, the poor quality of legal work and lack of preparedness exhibited by Plaintiffs' attorneys do not justify the Court stepping outside the generally acceptable range for hourly rates.

Furthermore, this is not the only action in which Plaintiffs' attorneys have provided subpar legal work and exhibited a total lack of disregard for the integrity of the judicial system. On January 17, 2020, the Southern District of New York issued sanctions against John Troy, Esq. and Aaron B. Schweitzer, Esq, of Troy Law, PLLC, for failing to show cause as to why they should not be sanction for failing to submit certain pretrial materials in violation of an Order of the Court. *Guangqing Lin v. Teng Fei Rest. Grp. Inc.*, No. 17CV1774 (DF), 2020 WL 264407, at *5 (S.D.N.Y. Jan. 17, 2020), *reconsideration denied,* No. 17CV1774 (DF), 2020 WL 429128 (S.D.N.Y. Jan. 27, 2020). Moreover, in the same matter, the Court noted that Mr. Troy and Mr. Schweitzer have not paid the court-ordered sanction despite the motion for reconsideration being denied. *Guangqing Lin v. Teng Fei Rest. Grp. Inc.*, No. 17CV1774 (DF), 2020 WL 564231, at *2 (S.D.N.Y. Feb. 5, 2020). Likewise, in *Jianjun Chen v. 2425 Broadway Chao Rest., LLC*, the Southern District of New York imposed sanctions on Mr. Troy for submitting pre-deposition and post-deposition responses that could not be reconciled with Plaintiff's deposition testimony and for failure to amend the pre-deposition responses after the inconsistent deposition testimony. 331 F.R.D. 568, 575 (S.D.N.Y. 2019). Clearly, Mr. Troy and Mr. Schweitzer have a habit for disregarding deadlines and the veracity of the documents, which is further evidence that they do not have the experience warranting a higher hourly rate. These cases also show that Plaintiffs' attorneys have a habit of providing subpar legal services that do not justify a higher hourly rate.

### ii. Reduction in the Total Hours Billed is Warranted

Lastly, numerous entries involve excessive billing and administrative tasks that cannot be billed for at the hourly rate requested. Courts must assess the reasonableness of the time expended and adjust those portions of an invoice that reflect "excessive, redundant or otherwise unnecessary" hours. *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). *Palmer v. Cty. of Nassau*, 977 F. Supp. 2d 161, 170 (E.D.N.Y. 2013). If a court determines that the number of hours expended was excessive, redundant or otherwise unnecessary, the court may make reductions to individual entries, or elect to account for such over-billing in an across-the-board percentage deduction." *Manzo v. Sovereign Motor Cars, Ltd.,* No. 08 Civ. 1229, 2010 WL 1930237, at *8 (E.D.N.Y. May 11, 2010). Moreover, courts in this circuit have awarded $75 per hour for tasks typically completed by paralegals. *See, A.R. ex rel. R.V. v. New York City Dep't. of Educ.*, 407 F.3d 65, 71-72 (2d Cir. 2005). For instance, Mr. Schweitzer billed .58 for scheduling a telephone conference on May 23, 2019, .58 for scheduling the deposition of Andy Lee on November 6, 2019, and .75 for scheduling depositions on November 8, 2019, which is an excessive amount of time for purely administrative or clerical tasks. Moreover, Ms. Kilaru also billed for numerous clerical tasks. Specifically, on November 12, 2019 Ms. Kilaru billed .17 for ordering the deposition transcript and on November 7, 2019 she billed .08 for arranging a court reporter for the deposition and updating access. These are just a sampling of the vague, excessive and redundant entries billed by Plaintiffs' attorneys. Accordingly, the Court should make an across-the-board reduction in compensable time of Plaintiffs' attorneys if an award of attorneys' fees is granted.

## **CONCLUSION**

For the foregoing reasons, Defendants' request that the Court deny Plaintiffs' motion for

attorneys' fees and costs in its entirety.

DATED:     New York, New York
            September 15, 2020

                              /s/ Michael D. Yim
                              Michael D. Yim
                              Sarah M. Zucco
                              PUTNEY, TWOMBLY, HALL & HIRSON LLP
                              521 Fifth Avenue
                              New, New York 10175
                              (212) 682-0020

TO:     John Troy, Esq.
         TROY LAW, PLLC
         41-25 Kissena Blvd #103
         Flushing, NY 11355
         (718) 762-1324