# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 15-CV-7398 (DLI) (RER)

Shang Zhong Chen,
on behalf of himself and others similarly situated,

Plaintiff,

versus

Kyoto Sushi, Inc. d/b/a Kyoto Sushi, Asquared Group, Inc. d/b/a Kyoto Sushi, and Andy Lee,

Defendants.

**Memorandum & Order**

April 1, 2021

**Ramon E. Reyes, Jr., U.S.M.J.:**

Before the Court is Plaintiff Shang Zhong Chen's ("Chen" or "Plaintiff") motion under Section 11 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 11, to modify an arbitration award to include reasonable attorney's fees, costs, and expenses.[1] (Dkt. Nos. 54–56, 59). For the reasons discussed herein, the motion is denied.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this matter. A description of the relevant procedural history follows:

On December 30, 2015, Chen filed this suit against Kyoto Sushi, Inc., Asquared Group, Inc. and Andy Lee (collectively, "Defendants") claiming multiple violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., the New York Labor Law ("NYLL") § 190 *et seq*; the Internal

---

[1] Pursuant to 28 U.S.C. § 636, a United States District "judge may designate a Magistrate Judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A). On November 18, 2020 the Honorable Dora L. Irizarry referred to me Chen's motion, which is not one of the matters excepted in 28 U.S.C. § 636(b)(1)(A). (Order dated 11/18/2020).

1

Revenue Code, 26 U.S.C. § 7434; and the New York General Business Law, N.Y. Gen. Bus. Law § 349. (Dkt. No. 1 ("Compl.") ¶¶ 57–107). On April 3, 2016, Shi Hang Wu and Shu Jun Ma (collectively, "Opt-In Plaintiffs") each filed consents to become parties in a collective action ostensibly pursuant to § 216(b) of the FLSA. (Dkt. Nos. 8, 10).

Prior to brining or joining suit, Chen and the Opt-in Plaintiffs (collectively, "Claimants") each had signed an arbitration agreement with their employer ("the Agreements"). (Dkt. No. 57-1 ("Ex. A")). According to the terms of the Agreements, the parties

> agree[d] that all "covered claims" that Employee may have against Employer (or its owners, directors, officers, managers, employees, or agents) or that Employer may have against Employee shall be submitted exclusively to and determined exclusively by binding arbitration in New York, New York under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, regardless the substantive law applied in the arbitration.

(Ex. A ¶ 2). Therefore, Defendants moved to compel arbitration. (Dkt. No. 27). On September 22, 2017, the Court granted Defendants' motion to compel arbitration as to the FLSA and NYLL claims,[2] and the case was administratively closed. (Dkt. No. 47; Dkt. Entry dated 9/22/2017).

Consistent with the Agreements, Claimants then submitted arbitration demands to the American Arbitration Association ("AAA"). (Dkt. No. 57-4 ("Arbitration Award")). Although the Agreements required individual arbitration, Defendants consented to consolidation of the employees' claims. (Arbitration Award at 1; *see also* Ex. A ¶ 6). After a two-day arbitration hearing, the parties filed post-hearing briefs. (Arbitration Award at 3; Dkt. No. 57 ("Yim Aff.") ¶ 11). The arbitrator subsequently issued an award in favor of Claimants on April 23, 2020. (Arbitration Award at 33). The arbitrator did not find any of the Claimants credible; however, Defendants admitted liability as to some wage and hour violations under the FLSA and NYLL. (*Id.* at 3–4).

The arbitrator's award provided that the administrative fees and compensation of the arbitrator "shall be borne as incurred" but did not address attorney's fees or other costs. (Arbitration Award at 32). Chen emailed AAA to request a briefing schedule regarding attorney's fees. (Dkt. No. 57-5 ("First Post-Award Order")). In response, the arbitrator requested briefing as to her continuing jurisdiction over the matter given that she had already issued a final award. (*Id.*). After reviewing the parties' submissions, the arbitrator issued an order on July 14, 2020, finding that she did not have continuing jurisdiction to determine a motion for attorney's fees and costs. (Dkt. No. 52; Dkt. No. 57-6 ("Second Post-Award Order")).

Chen subsequently filed the instant motion. (Dkt. Nos. 54–56, 59).

## DISCUSSION

Chen timely moves to modify the arbitration award in include attorney's fees under § 11 of the FAA.[3] (Dkt. No. 47 ("Any party wishing to challenge the arbitration

---

[2] The Court dismissed the remaining claims without prejudice, except for Chen's claim pursuant to 26 U.S.C. § 7434, which was dismissed with prejudice. (Dkt. No. 47).

[3] Chen's motion and memorandum in support did not provide the basis on which he sought attorney's fees from this Court, and hardly reference the arbitration; he argued only that under the FLSA and NYLL,

2

decision must do so within thirty (30) days thereof.")); *see also Zambrano v. Strategic Delivery Sols., LLC*, No. 15 CIV. 8410 (ER), 2018 WL 4462360, at *4 (S.D.N.Y. Sept. 17, 2018) ("motions filed under sections 10 or 11 'must be served upon the adverse party or his attorney within three months after the award is filed or delivered.'" (quoting 9 U.S.C. § 12)). Specifically, he requests that the Court modify the arbitration award under § 11(a) on the basis that the arbitrator made "an evident material mistake" in failing to include attorney's fees and costs in the award.[4] (Dkt. No. 59 ("Reply") at 1). As discussed herein, however, it was not the arbitrator who made a mistake, but Chen, who failed to submit arguments and evidence in support of reasonable attorney's fees and costs prior to or concurrently with his post-arbitration brief.

### I.     The Federal Arbitration Act

Arbitration allows parties to avoid the costs of litigation without abandoning substantive rights provided in statute. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001). The FAA compels judicial enforcement of arbitration agreements, *id.* at 111, and limits judicial review of arbitration awards, *see, e.g.*, *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008) (quoting *Wall Street Assoc., L.P. v. Becker Paribas, Inc.*, 27 F.3d 845, 849 (2d Cir. 1994)); *Companhia de Navegacao Maritima Netumar v. Armada Parcel Serv., Ltd.*, No. 96 Civ. 6441 (PKL), 2000 WL 60200, at *5 (S.D.N.Y. Jan. 25, 2000) ("arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.").

A party seeking judicial review of an arbitration award can request vacatur, modification, or remand to the arbitrator.[5] *See* 9 U.S.C. §§ 10–11; *LLT Int'l, Inc. v. MCI Telecomms. Corp.*, 69 F. Supp. 2d 510, 515 (S.D.N.Y. 1999) (citing *Ottley*, 819 F.2d at 376). "The grounds for modifying or vacating an arbitration award are grudgingly narrow." *Armada Parcel*, 2000 WL 60200, at *5. Chen moves only for modification of the arbitration award to include attorney's fees and costs.

Section 11 of the FAA provides the exclusive grounds for modification of an arbitrator's decision.[6] *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 338 (2d Cir. 2010) (citing *Hall Street Assocs. L.L.C. v. Mattel, Inc.*, 522 U.S. 576, 584

---

prevailing employees are entitled to costs and attorney's fees. (*See* Dkt. Nos. 52, 54–56). In his reply, however, Chen argues that the arbitrator made "an evident material mistake" as defined by FAA § 11(a). (Reply at 1).

[4] Chen mischaracterizes § 11(a). (*See* Reply at 1). In full, the statute reads that the Court can modify or correct an award where the arbitrator has made "an evident material mistake *in the description of any person, thing, or property referred to in the award*." 9 U.S.C. § 11(a) (emphasis added).

[5] "A remand for further arbitration is appropriate in only certain limited circumstances such as when an award is incomplete or ambiguous." *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)

(citing *United Steel Workers v. Adbill Management Corp.*, 754 F.2d 138, 141 (3d Cir.1985)). Chen does not seek a remand.

[6] In extraordinary circumstances, the Court may also modify or vacate an arbitration award when an arbitrator committed manifest disregard of the law. *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 338 (2d Cir. 2010); *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 821 (2d Cir. 1997) (affirming court's ruling that failure to award attorney's fees was not manifest disregard of law). Chen does not assert manifest disregard of the law.

(2008)). Under Section 11, a federal court can modify or correct an arbitration award:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

## II. The Parties' Arbitration Agreements & Applicable Laws

Claimants each signed arbitration agreements with their employer. (Ex. A). The Agreements require that the parties "bring all covered claims in one arbitration proceeding" and that "[a]ny covered claims not brought as one arbitration proceeding shall be waived and precluded." (*Id.* ¶ 5). They also specify that after finding a violation of applicable law, "the arbitrator shall have the same power and authority as would a court" to award attorney's fees and costs. (*Id.* ¶ 14). As such, the relief awarded must conform "with applicable principles of common, decisional and statutory law, in the relevant jurisdiction." (*Id.*).

Under the Agreements, arbitration must be administered by the AAA and governed by the AAA Rules for Employee Dispute Resolution ("AAA Employment Rules"). (*Id.* ¶ 7). The AAA Employment Rules reinforce that "[t]he arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court including awards of attorney's fees and costs, in accordance with applicable law." R. 39(d). Here, the applicable laws are the FLSA and NYLL. (Final Award at 2). Those statutes allow prevailing employees to collect reasonable attorney's fees and costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(4).

The FLSA mandates that prevailing plaintiffs be awarded reasonable attorney's fees and costs, *see Zambrano v. Strategic Delivery Sols., LLC*, No. 15 CIV. 8410 (ER), 2016 WL 5339552, at *5 (S.D.N.Y. Sept. 22, 2016); however, it remains a plaintiff's burden to submit documentation that supports the reasonableness and necessity of the hours spent, rates charged, and costs incurred. *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 51 (E.D.N.Y. 2015); *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983)). For example, for an award of attorney's fees, courts in this Circuit require the submission of contemporaneous time records for each attorney who worked on the case. *E.g., Fermin*, 93 F. Supp. 3d at 51.

## III. The Arbitrator Did Not Make an Evident Material Mistake

In reviewing arbitration awards, the Court owes strong deference to arbitrators. *Fellus v. Sterne, Agee & Leach, Inc.*, 783 F. Supp. 2d 612, 618, 622 (S.D.N.Y. 2011); *Fried, Krupp, GmbH, Krupp Reederei Und Brennstoff-Handel-Seeschiffarht v. Solidarity Carriers, Inc.*, 674 F. Supp. 1022, 1030 (S.D.N.Y.) (collecting cases) ("An arbitration award having any conceivable rational basis must be upheld even if the arbitrator misinterpreted law or facts."), *aff'd sub nom. Fried Krupp GmbH v. Solidarity*, 838 F.2d 1202 (2d Cir. 1987). The party challenging an arbitration award under § 11(a) "bears a heavy burden of proof."

4

*Armada Parcel*, 2000 WL 60200, at *5 (citing *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993)). An "evident material mistake" is one that "appears on the face of the record and would have been corrected had the arbitrator known of it at the time." *Foster Wheeler Env't Corp. v. EnergX TN, LLC*, No. 13 Civ. 1178 (RA), 2014 WL 982857, at *5 (S.D.N.Y. Mar. 13, 2014) ("[Section] 11(a) does not authorize a court to modify an arbitration award simply because it believes the arbitrator incorrectly interpreted a contract.").

Evident material mistakes include clerical and typographical errors, or other mistakes that do not implicate a substantive dispute. *Webb v. Citigroup Glob. Markets, Inc.*, No. 19 Civ. 535 (PAE), 2019 WL 4081893, at *10 (S.D.N.Y. Aug. 29, 2019) (ordering modification of an arbitration award so that the case caption conformed to the award). The Court may not correct a mistake in an arbitration award if the correction would alter the substantive disposition. *Foster*, 2014 WL 982857, at *5.

Claimants' arbitration demands indicated their intention to seek attorney's fees in accordance with AAA Employment Rule 4. (First Post-Award Order); *see also* R. 4(b)(i)(1). The allocation of attorney's fees and costs was also discussed at an arbitration management conference as required under AAA Employment Rule 8. (Reply at 2); *see also* R. 8(xii). Without explanation, however, Claimants' post-hearing brief did not provide any arguments or supporting documentation on which the arbitrator could base an award of fees and costs.[7] (First Post-Award Order). Therefore, the arbitrator, who was well-versed in the FLSA and NYLL, (Reply at 3), could not award attorney's fees or costs under either statute at the time the final award was issued.[8] *See Fermin*, 93 F. Supp. 3d at 51.

Chen argues that "liability must be found prior to the moving for attorneys' fees under the prevailing Plaintiffs standard." (Reply at 2–3 (emphasis omitted)). This suggestion runs counter to practice in this District and the requirements of the Agreements. Plaintiffs seeking attorney's fees under the FLSA and NYLL routinely include arguments and evidence in support of attorney's fees along with their submissions as to the defendants' liability. *See, e.g.*, *Fermin*, 93 F. Supp. 3d at 22–23 (default judgment); *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 135 (2d Cir. 2008) (summary judgment); *but cf. Kalloo v.*

---

[7] Even with this motion, Chen failed to provide any invoices or receipts to support his request for costs. He submitted only an itemized list of costs related to the litigation. (Dkt. No. 55-1 at 10).

[8] Chen emphasizes that an arbitrator is *required* to award attorney's fees and costs to prevailing plaintiffs under the FLSA and NYLL. (Reply at 1 (citing *Carter v. Countrywide Credit Indus.*, 362 F.3d 294, 299 (5th Cir. 2004); *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 316 (S.D.N.Y. 2011) (citing *Carter*), *rev'd and remanded on other grounds*, 533 Fed. Appx. 11 (2d Cir. 2013)); *D&W Cent. Station Fire Alarm Co., Inc. v. Ziari*, 957 N.Y.S. 2d 635 (App. Div. 2010))). *Carter* does not involve review of an arbitration award; instead, the court analyzed the enforceability of arbitration agreements that did not provide for attorney's fees. *See Carter*, 362 F.3d at 299. The court held that such provisions excluding fees are unenforceable and noted that under the parties' agreements, an arbitrator must award attorney's fees "to the extent permitted by applicable law." *Carter*, 362 F.3d at 299. As discussed *supra* Section II, the law in this Circuit requires that a prevailing plaintiff provide invoices, receipts, and other supporting evidence to support their request for attorney's fees and costs under the FLSA and NYLL.

The petitioner in *D&W* sought to recover attorney's fees incurred in *post-arbitration* litigation. 28 Misc. 3d at 635. Pursuant to the parties' contract, the court referred the fee award to the court below. *Id.* Here, Chen seeks attorney's fees incurred *during* the arbitration and the *preceding* litigation before this Court.

5

*Unlimited Mech. Co.*, 977 F. Supp. 2d 209, 210–11 (E.D.N.Y. 2013) (awarding fees on a motion submitted post-trial). Courts also deny unsupported motions for attorney's fees with leave to renew. *See, e.g.*, *Restivo Guardado v. Precision Fin., Inc.*, No. 04-CV-3309 (JS) (AKT), 2007 WL 1041663, at *8 (E.D.N.Y. Mar. 31, 2007) (denying a prevailing plaintiff's motion for attorney's fees, because although she was entitled to fees under the NYLL, she did not submit information on which the Court could determine the reasonableness of the fees).

In furtherance of "the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation;" however, procedural rules in the arbitration context differ. *Armada Parcel*, 2000 WL 60200, at *5 (quoting *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)). In that vein, the Agreements required that Claimants "bring all covered claims in one arbitration proceeding." (Ex. A. ¶ 5). Moreover, an arbitrator's award is final and binding. AAA Emp. R. 39(g); *see also Ottley*, 819 F.2d at 376 ("As a general rule, once an arbitration panel decides the submitted issues, it becomes *functus officio* and lacks any further power to act.") (quoting *Proodos Marine Carriers Co. v. Overseas Shipping & Logistics*, 578 F. Supp. 207, 211 (S.D.N.Y.1984)). Therefore, the arbitrator did not have continuing jurisdiction after issuing a final arbitration award. (Second Post-Award Order).

Chen has not met his burden to demonstrate that the arbitrator made an evident material mistake by failing to award attorney's fees or costs. He identifies no person, thing, or property that has been mistakenly described or how such a mistake would relate to his claim for attorney's fees and costs. *See Solidarity*, 674 F. Supp. at 1029 (denying petition to modify arbitration award because the reduction of an indemnification award including attorney's fees "simply cannot be characterized as . . . an evident material mistake."). Chen merely argues that the arbitrator "refus[ed]" to adjudicate a "concurrent" request for attorney's fees. (Reply at 3). It is unclear to what "concurrent" request Chen refers.[9] Nevertheless, the absence of an award of attorney's fees was not a mistake; it was a reasoned determination that § 11 cannot reach. *See Companhia*, 2000 WL 60200, at *7–8.

Chen's counsel had the opportunity to submit post-hearing briefing to the arbitrator. (Arbitration Award at 3; Yim Aff. ¶ 11). That would have been an appropriate juncture at which to submit an explicit request for, and to provide proof of, his fees and costs prior to the arbitrator's final decision. He failed to do either. (First Post-Award Order). The FAA limits the Court's review of the arbitrator's final award, and it forecloses Chen's *post hoc* request that the Court modify the award to include attorney's fees and costs.

---

[9] Chen argues that the Claimants "repeatedly notified the Arbitrator that they were seeking attorneys' fees and costs before the motion itemizing the specific attorney fee and cost amount they were seeking." (Reply at 2). It is unclear to what motions or other submissions Chen refers, but the Court assumes his reference is to the motion submitted on May 22, 2020 *after* the arbitrator issued her final award. Regardless, notice alone is insufficient to meet Chen's burden for an award of reasonable costs and attorney's fees under the FLSA and NYLL.

6

## **CONCLUSION**

Based on the foregoing, Plaintiffs' motion for modification of the arbitration award to include an award of attorney's fees, costs, and expenses is denied.

SO ORDERED.

/s/ Ramon E. Reyes, Jr.
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: April 1, 2021
Brooklyn, NY